## Louisville Trust Company, et al. v. McCabe.

(Decided March 18, 1919.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

Contracts—Covenant to be Performed—Pleading and Proof.—One who sues upon a contract, which contains a covenant to be performed by him, and upon which the promise of the other party depends, can not recover without alleging and showing the performance of the condition precedent by him.

O'NEAL & O'NEAL and HENRY J. TILFORD for appellants.

G. E. ZIMMERMAN, WM. W. CRAWFORD and J. JOSEPH HETTSINGER for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This action was brought by the Louisville Trust Company, and W. E. Baxter, whom we will call the plaintiffs, against L. McCabe, whom we will, hereafter, refer to, as the defendant, to require him to pay to the Louisville Trust Company, the sum of $20,000.00, the right to recovery of which the plaintiffs claimed, arose from a contract, in writing, which they, and the defendant, and others, not parties to this action, had, theretofore, entered into. The defendant interposed a special demurrer, and, also, a general demurrer to the petition, and to the petition, as amended. The special demurrer was overruled, but, the general demurrer was sustained, and the plaintiffs, declining to plead further, and to stand upon the petition, in equity, as amended, it was dismissed by the court, and from the judgment, the plaintiffs have appealed. The contract was as follows: The preamble to the writing, which embraces the contract, describes the purpose of the contract, as follows:

"For subscription and the organization of a corporation (joint stock company, to be duly incorporated) for the purpose of taking over the stove, outfit and equipment business of W. E. Baxter, and two (2) United States patents pertaining to said business, manufacturing and marketing said stoves, outfit and equipment, and transacting such manufacturing and general business as the articles of this proposed company may specify."

The agreements expressed in the contract, may be divided as follows:

(1) The subscribers, desiring to purchase and to own the stove, outfit and equipment business and the two patents pertaining thereto, have agreed, with W. E. Baxter, to purchase, from him, the stove, outfit and equipment business, patents pertaining thereto, steel dies, specifications, trade names and good will, upon the following terms and conditions, viz.:

(a) A corporation shall be created, with a capital stock, of $50,000.00, divided into five thousand shares, of the par value of ten dollars, each. Fifty shares shall be sold or set aside, for the expenses of organization of the corporation; two thousand shares at par, to be used for working capital; four hundred shares are to be given for securing subscriptions for the two thousand shares, above named; fifty-one per centum of the stock is to go to Baxter, as the purchase price of his stove, business, patents, dies, trade names, good will, etc.

(b) That no one person shall have a controlling interest in the corporation, Baxter agrees, that the organization agent shall secure *bona fide* subscriptions for the part of the stock to be allotted to him, "share for share with the company's stock," until thirteen hundred shares of the stock to be allotted to Baxter, have been subscribed for, and the agent is to have 20% in stock of the thirteen hundred shares, for finding subscriptions for them, thus reducing the holdings of Baxter to one-fourth of the shares of the capital stock, so that the control of the corporation, shall be held by a board of directors, elected by the stockholders.

(c) Subscribers to the contract may be secured to any amount, and one or more copies of the contract, may be circulated by one or both parties, and when the subscriptions on all the copies of the contract shall equal or exceed twenty thousand dollars, the contract may be closed, by either Baxter or the fiscal agent signing the contract, and all the copies taken, together, shall constitute the contract between the parties.

(d) Each subscriber, to the contract, agrees to pay the amount subscribed by him and no more, when the subscription list amounts to the sum of $20,000.00, subscribed, and the contract is closed, by being signed by Baxter or the fiscal agent.

(e) The contract is not to be binding, on any one, unless subscriptions to the amount of $20,000.00, or more, are made for the stock, and no subscriber is liable for anything more than the amount of his individual subscription, when the contract shall have been closed, by being signed by Baxter or the fiscal agent.

(f) After the subscriptions have been collected and paid to Louisville Trust Company, fiscal agent, and the corporation created and organized, and the stock, to be received by Baxter, ordered issued and delivered to him "in the amount and manner, as agreed to, in detail, herein," then Baxter will deliver, to the subscribers, the property heretofore mentioned.

The paper, at this point, is dated and subscribed by W. E. Baxter, and the Louisville Trust Company, and then follows, a clause, which we will designate, by the letter, "g" and provides, that;

(g) The subscribers for shares of stock for the purpose of making a corporation and owning the business, patents, etc., and to fully carry out the intention of the subscribers, agree to come together, when requested by Baxter or the fiscal agent, and to organize the corporation in accordance with the laws of the state, by electing the board of directors, and issuing the certificates for stock to the subscribers, for such stock as they have paid for. Then follows the signatures of the subscribers and the number of shares subscribed for, by each, as follows: W. E. Morrow, Eugene Stuart, F. J. Goby, Priest Frazier, Jno. J. Saunders, Geo. T. Cross, Frank Varble, Geo. H. Fisher, ten shares each; Dayton T. Mitchell, fifty shares, and the defendant, L. McCabe, two thousand shares.

It is averred, in the petition, that the paper, containing the contract, was delivered, unsigned, to the Louisville Trust Company, and thereafter, on February 7, 1917, it was subscribed by the parties, above named, including the defendant, and who attached to their signatures, the number of shares, each bound himself to accept and pay for, respectively, and thereafter, on March 13th, it was signed by W. E. Baxter, and the subscription list closed, and thereafter, on March 14th, the Louisville Trust Company gave notice to each of the subscribers, that the subscription list had been closed, and requested them to meet, together, to pay to it the amounts of their respective subscriptions, and to organize a corporation,

in accordance with the contract, and the plaintiffs averred their readiness and ability to transfer, to the corporation, the property owned by Baxter for the purpose of the owning and exploiting of which, the corporation was to be organized, and the readiness and willingness of all the subscribers to meet and fully perform their respective parts of the contract, except the defendant, McCabe, who refused to pay his subscription or in any manner, to perform his contract, and prayed for a judgment against him, in behalf of the Louisville Trust Company, for the sum of $20,000.00, the amount of his subscription.

A general demurrer to the petition was sustained. The plaintiffs then amended their petition, by alleging, that certain of the subscribers to the contract, had delivered checks to the Louisville Trust Company, in payment of their respective subscriptions, another had executed a note, for his subscription to the Louisville Trust Company, and all the subscribers, had subscribed in good faith, and would pay their respective subscriptions, when a judgment should be recovered against the defendant, or else they would be compelled to do so, by suit.

The court, upon motion, struck from the amendment, the allegation, with regard to the good faith, with which the subscriptions had been made, and then sustained the general demurrer to the petition, as amended. The defendant, appellee, here, insists that the court erred, in overruling the special demurrer, which related to the capacity of the plaintiffs to sue, while the appellants insist, that the court erred, in sustaining the general demurrer to the petition as amended. We do not consider it necessary to enter upon a discussion, as to the right of a subscriber or a trustee to whom preliminary promises of the payment of subscriptions to the capital stock of a corporation to be thereafter formed, are made, to sue subscribers to recover the amount of their subscriptions, nor whether such may be maintained until after the corporation is organized, nor the right of one, who has expended money upon the faith of the subscriptions to recover same from the subscribers, but, conceding that a right of action, under certain circumstances, may lie, on the part of the above named persons, we will consider, whether the plaintiffs, under the terms and conditions of the contract sued on, have shown themselves entitled to maintain an action against the defend-

ant for failure to pay the amount of his subscription, to the plaintiff, Louisville Trust Company, as his failure to participate in the organization, of the proposed corporation did not prevent its organization, as any three of the subscribers could have organized the corporation. It will be observed, that in accordance with the terms of the contract, the parties agreed to form a corporation, the capital stock of which should consist of five thousand shares. Fifty shares should be sold or set aside for organization expenses. Two thousand shares, or the proceeds thereof, should be used for a working capital, and four hundred shares should be received, by the trustee, for securing subscriptions for the two thousand shares to be used for working capital. The two thousand, four hundred and fifty shares above named, comprised the stock denominated the "company's stock." The plaintiff, Baxter, was to receive the remaining two thousand, five hundred and fifty shares of the stock, as the price of the property, which he was to turn over to the subscribers, including the defendant.

The exploitation of this business and property, was the purpose for which the corporation was to be organized. In the first clause of the contract, the parties expressly provide, that the agreement to purchase the property, and to pay the amounts subscribed by them, severally, to the trustee, for stock in the contemplated corporation, is made "on the following terms and conditions." One of the terms and conditions, is the formation of the corporation to take over the property and exploit the business of Baxter, and to pay him for his property, by transferring to him two thousand, five hundred and fifty shares of the capital stock. Another of the conditions upon which the agreement to purchase the property and to pay the amount of the subscriptions to the trustee, was, that the trustee should secure *bona fide* subscribers for thirteen hundred shares of the stock to be allotted to plaintiff, Baxter, and that the trustee should secure the subscriptions for Baxter stock, as it secured subscriptions for the company's stock—that is to say, in the language of the contract, "share for share with the company's stock, until thirteen hundred shares of said first party are disposed of." The trustee was to receive 20% of the thirteen hundred shares from Baxter, for securing the subscriptions for his stock. The reason given for this condition, in the contract was, that

it would be so, that no one person should have a controlling interest in the corporation, when formed, and by the subscriptions for the thirteen hundred shares of the stock to be received by plaintiff, Baxter, his holding should not exceed one thousand, two hundred and fifty shares, and the control of the corporation would be in the hands of a "board of directors to be elected by the stockholders." To comply with this condition, it was necessary for the trustee to secure subscriptions for one thousand and forty shares of the thirteen hundred shares, as it would receive two hundred and sixty shares, for securing the subscriptions. According to the contract, this was agreed to be done, as the subscriptions were secured for the first thirteen hundred shares of the company's stock, which were subscribed for. The subscriptions for the thirteen hundred shares of Baxter's stock were not to be included, in the subscriptions for two thousand shares of stock to be subscribed for, before closing of the subscription list, by Baxter or the trustee subscribing same, because, if so, that would give the trustee six hundred and sixty shares of the stock for securing subscribers for the two thousand shares, instead of four hundred shares, as stated, in the second clause of the contract. If the subscriptions, beside those of defendant should be considered as having been obtained for Baxter's stock, they only number 120 shares, instead of 1040 shares. After these conditions, follow the covenants touching the subscriptions to be secured, and the promise to pay the amount of the subscriptions. The promise to pay the amount of the subscriptions to the trustee, and the conditions under which the promises were made, were necessarily dependent upon the performance of the foregoing conditions. It appears, that the condition, that the subscribers should be obtained for Baxter's stock, was a very material and essential part of the consideration for the promise of the defendant and the other subscribers for stock, that they might not invest in an enterprise, the control of which would be entirely at the mercy of one stockholder. The defendant had a right to depend upon that condition being performed, and the subscriptions for the thirteen hundred shares of Baxter's stock, not being required to be shown upon the contract subscribed by defendant, he would necessarily not know, that the condition had not been complied with, when subscribing himself, but would have the

right to rely upon its being done as covenanted, in the contract. The petition fails to allege, that the condition, in regard to securing subscriptions for the thirteen hundred shares of the stock to be allotted to Baxter, has ever been complied with. It might be insisted, that the condition could be waived by Baxter, but, it was not inserted in the contract, and was not to be performed for his benefit, but, was made to induce subscriptions for the company's stock, and for the benefit of such subscribers.

It is insisted, that the condition is a subsequent one, to the promise of defendant, but it does not so appear. It precedes the promise to pay by the subscribers for the company's stock, and is one of the express conditions upon which the subscribers agree to form the corporation and pay for the stock. It is true, that in an after clause it is recited, that "after the collections of subscriptions for the purpose as herein set forth have been made by and paid to the fiscal agent, the Louisville Trust Company, and the corporation perfected and the first party's stock allotment voted and turned over to said first party, in the amount and manner, as agreed to in detail herein, etc," but, this does not make the condition a subsequent one, in the face of the explicit declaration, that the subscriptions for thirteen hundred shares of Baxter's stock, should be secured, "share for share," as the subscriptions for the company's stock, should be secured, until thirteen hundred shares have been subscribed for. It does mean, that the entire two thousand, five hundred and fifty shares are to be turned over to Baxter, but, "in the amount and manner as detailed herein"—that is thirteen hundred shares of it to be received by the subscribers for it.

Otherwise, the reason given for the condition, would fail, as Baxter would have a controlling interest, and could elect any directorate, he might choose. One who subscribes for stock in a corporation, either organized, or to be organized, upon a condition is entitled to have it performed, before being required to pay the subscription, as in any other kind of contract. The plaintiffs failing to allege the compliance with this condition, they failed to manifest a right to recover against the defendant, and the general demurrer was properly sustained.

The judgment is therefore affirmed.